1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RITA GLOVER, et al.,

Plaintiffs,

v.

COUNTY OF SAN MATEO, et al.,

Defendants.

Case No. 24-cv-08793-HSG

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

Re: Dkt. No. 49

Pending before the Court is Plaintiffs' motion for leave to file a second amended complaint. Dkt. No. 49. For the following reasons, the Court grants the motion.

## I.    BACKGROUND

Plaintiffs initially filed this section 1983 action on December 5, 2024. *See* Dkt. No. 1. On January 23, 2025, Defendants moved to dismiss the complaint. Dkt. No. 14. Shortly thereafter, Plaintiffs filed their first amended complaint, Dkt. No. 15, and Defendants again moved to dismiss. Dkt. No. 26.

On May 19, 2025, the Court issued a scheduling order setting August 19, 2025 as the deadline for Plaintiffs to amend their pleadings. *See* Dkt. No. 46. On August 19, 2025, Plaintiffs filed a motion for leave to file a second amended complaint and explained that the amended complaint would (1) name Officer Erick Chavez as a defendant and (2) add a First Amendment retaliatory detention claim. Dkt. No. 49 ("Mot."). Defendants oppose. *See* Dkt. Nos. 52–54.

## II.    LEGAL STANDARD

Since Plaintiffs timely filed this request for leave to amend by the deadline in the scheduling order, the Court looks to Federal Rule of Civil Procedure 15 to determine whether

1    amendment is appropriate.[1]

2         Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course . . . 21

3    days after service of a motion under Rule 12(b) . . . ."  Fed. R. Civ. P. 15(a)(1)(B).  Under Federal

4    Rule of Civil Procedure 15(a)(2), "[i]n all other cases, a party may amend its pleading only with

5    the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "[L]eave to

6    amend shall be freely granted 'when justice so requires.'"  *Townsend v. Univ. of Alaska*, 543 F.3d

7    478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)).  "This policy is to be applied with

8    extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

9    (quotation omitted).  When considering whether to grant leave to amend, the court considers

10   several factors, including (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4)

11   futility of amendment, and (5) previous amendments.  *See Foman v. Davis*, 371 U.S. 178, 182

12   (1962).  The Court weighs prejudice to the opposing party most heavily.  *Eminence Capital*, 316

13   F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors,

14   there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Id.* (emphasis in

15   original).

16   **III.    DISCUSSION**

17        Upon considering the relevant factors, the Court finds that leave to file a second amended

18   complaint should be granted under this circuit's liberal standard.

19        Plaintiffs' request is timely and does not appear to be made in bad faith.  On July 7, 2025,

20   Plaintiffs received an extensive document production, including body worn camera footage, from

21   Defendant Redwood City.  Dkt. No. 49-1 at 2.  Within six weeks, Plaintiffs reviewed the

22   disclosures and requested leave to amend.  *Id*.  Moreover, Plaintiffs filed their motion for leave to

23   amend before the amendment of pleadings deadline expired and sought to work with opposing

24   counsel to avoid a contested motion.  *See id.*

25        Amendment is also unlikely to prejudice Defendants.  Plaintiffs seek to add a First

26

27   ---
     [1]  Defendants argue that the deadline for Plaintiffs to file a motion for leave to amend was "no
     later than July 15, 2025 – 35 days prior to the last day for the Court to hear any such motion

28   [August 19, 2025]."  Dkt. No. 52 at 8.  This is incorrect.  The Court's scheduling order set August
     19, 2025 as the deadline for Plaintiffs to seek leave to amend.

United States District Court
Northern District of California

Amendment retaliatory detention claim, based on the same material facts already alleged in prior complaints, and to substitute a named officer for a previously unidentified Doe Defendant.  The essence of the case remains what it has been from the beginning: Plaintiffs' claims about a number of allegedly unlawful actions by Defendants during an altercation in a park.  And in any event, the expansion of a case due to the addition of new causes of action is not inherently prejudicial, especially when a case is still in its early stages.  *See Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).   In addition, the Court cannot conclude that amendment would be futile, and Plaintiffs have only amended their complaint once before.  For these reasons, the Court finds leave to amend the complaint to be warranted.

## IV.  CONCLUSION

The Court **GRANTS** Plaintiffs' motion for leave to amend the complaint, Dkt. No. 49. Plaintiffs shall file their second amended complaint on the docket within three days from the date of this order.  Defendants' motion to dismiss, Dkt. No. 26, is **TERMINATED AS MOOT** in light of the second amended complaint.

**IT IS SO ORDERED.**

Dated:   9/3/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California