UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA GLOVER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>    Defendants. | Case No. 24-cv-08793-HSG<br><br>**ORDER DENYING MOTION TO AMEND CASE SCHEDULE**<br><br>Re: Dkt. Nos. 71, 83 |

Pending before the Court is Plaintiffs' motion to modify the scheduling order. Dkt. No. 71. The Court **DENIES** the motion.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. *See* Fed. R. Civ. P. 16(b)(4). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." *Id.* The "good cause" requirement of Rule 16 "primarily considers the diligence of the party seeking the amendment." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also* 6A Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case."). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (quotation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion . . . [i]f [the] party was not diligent, the inquiry should end." *Id.*

## II. DISCUSSION

The Court finds based on the undisputed record that Plaintiffs have not acted diligently in this case, requiring denial of the motion to amend. The Court issued the scheduling order on May 19, 2025, setting dates which included a November 17, 2025 fact discovery cutoff. Dkt. No. 46. Defendants represent, and Plaintiffs do not dispute, that Plaintiffs served no written discovery until July 10, 2025, almost two months later, when they served requests for production of documents. Dkt. No. 76 at 1.[1] Defendants produced records on August 6 and September 2, 2025. Dkt. No. 63 at 3. Without dispute, Plaintiffs did not initiate a meet and confer regarding these requests until October 1, 2025, nearly two months after the first production and nearly a month after the second production. *Id.* at 1. Plaintiffs requested the production of certain documents on that date, and County Defendants' counsel promised the next day to "circle back with you on the personnel file and disciplinary records issue." Dkt. No. 71-3, Ex. 3 at 2–5. Plaintiffs' counsel followed up on October 18, noting that "It's been several weeks since your last email (and much longer since the responsive documents were due) and I haven't heard back." *Id.* at 2. Defendant Avandano's counsel responded the same day, asserting that "Avandano's employment file is entirely irrelevant here and will not be produced." Dkt. No. 71-4, Ex. 4 at 2. Plaintiffs represent without dispute that "[o]n October 24, the Defendant County for the first time produced a privilege log identifying documents that it was withholding." Dkt. No. 71 at 4; *see also* Dkt. No. 63 at 1.

On November 5, 2025, only twelve days before the fact discovery cutoff, the parties filed a joint discovery letter brief regarding documents Plaintiffs argued were being improperly withheld. Dkt. No. 63. Obviously, this timing did not leave enough time for the dispute to be resolved, for the Defendants to gather and produce any documents it was ordered to produce, and for the parties to conduct depositions before the discovery deadline. For this very reason, the Court's civil standing order, which all counsel should have read and followed from the beginning of this case, expressly directs parties to raise discovery disputes as early as possible, and to allow "sufficient time for the assigned Magistrate Judge to resolve discovery disputes before the close of

---

[1] Unless otherwise indicated, all page numbers reference the page numbers in the ECF header.

1  discovery." Standing Order ¶ 19.

2       Judge Tse promptly issued a discovery order on November 13, 2025, directing Defendants
3  to produce some documents to Plaintiffs, and produce others for *in camera* review, by November
4  21. Dkt. No. 65. Following the *in camera* review, on December 3, 2025, Judge Tse ordered other
5  documents to be produced by December 10. Dkt. No. 73.

6       If this were the entirety of the record, Plaintiffs might have at least a colorable argument of
7  diligence to some extent, notwithstanding their failure to get started with discovery sooner and
8  their decision to wait until the very end of the discovery period to actually seek relief with respect
9  to their dispute. But critically, Plaintiffs entirely failed to diligently proceed in scheduling and
10 conducting depositions so as to meet the deadlines in the scheduling order. The City Defendants
11 represent, without contradiction from Plaintiffs, that on Monday October 20, 2025 (nearly a month
12 before the fact discovery cutoff) they properly noticed Plaintiffs' depositions for November 10 and
13 13, 2025. Dkt. No. 75-1 at ¶¶ 7–8 and Ex. C at 15. Plaintiffs' counsel responded on the afternoon
14 of Friday October 24 that he was not available for depositions on those dates because he
15 personally would be out of the country for the first two weeks of November (i.e., the last two
16 weeks of the fact discovery period), and opined that "[g]iven that we still have a pending MTD, I
17 think it makes sense to extend the case schedule." Ex. C at 14–15. Counsel promised to "follow
18 up on Monday with all counsel." *Id.*

19      Counsel for Defendant Avandano promptly declined to agree to extend the discovery
20 deadline given the lateness of Plaintiffs' counsel's invocation of these points. *Id.* at 10, 13–14.
21 After Plaintiffs' counsel responded on the afternoon of Wednesday October 29, counsel for the
22 City Defendants confirmed on October 30 that they also did not agree to a discovery extension.
23 *Id.* at 10–11. City Defendants' counsel also followed up regarding the pending deposition notices,
24 asking counsel to confirm whether the dates would go forward and to propose alternative dates if
25 not. *Id.* Plaintiffs' counsel responded the same day by referring to the "email back on 10/24
26 indicating that those noticed deposition dates do not work on our end," but did not propose any
27 alternative dates. *Id.* at 10. Two minutes later, City Defendants' counsel responded "Ok. Please
28 provide alternative dates that do work." *Id.* at 8–9.

The email string does not reflect any response by Plaintiffs' counsel (and they do not represent that they did so anywhere else). City Defendants' counsel followed up on November 6, emailing "Just checking in on this again – can you please provide dates for the Plaintiffs depositions?" *Id.* at 7. Again, Plaintiffs' counsel did not respond in the string (and do not represent that they did so anywhere else). Defense counsel tried again on November 12, emailing "Can you please provide dates for the Plaintiffs' depositions? We really need to get these scheduled." *Id.* This time, one of Plaintiffs' attorneys (who had been on the earlier emails starting on October 24 at the latest) finally responded on Wednesday, November 12, writing back that "Ty is handling this case" and that "he's back on Monday and should have dates for you by the end of the week." *Id.* at 6. City Defendants' counsel responded in less than 20 minutes, emailing "Thanks for responding. The problem is that discovery closes on 11/17—we have been trying to get dates for Plaintiffs' depositions for some time, but haven't been able to get any from your office." *Id.* at 5. Counsel concluded that "At this point, we will assume that Plaintiffs will not be offering their testimony or any declarations in this matter." *Id.*

The next day, Thursday November 13 (four days before the discovery cutoff), Plaintiffs' counsel responded "Let me get you a date. What days are you available to take his deposition next week or the following week?" *Id.* at 4. City Defendants' counsel responded the same evening that "Our office is available for the three depositions next week on Monday, Tuesday, and Friday (November 17, 18, and 21)," but not available the week of Thanksgiving. *Id.* at 3. Plaintiffs' counsel then responded on the following Monday, November 17 (the discovery cutoff date), emailing "Since all of these dates fall outside the close of fact discovery we will need to extend fact discovery so both parties can take depositions." *Id.* at 3. Counsel offered to send over a stipulation extending fact discovery. *Id.* at 3. Significantly, as of November 17 when this email was sent, it is undisputed that Plaintiffs' counsel had not noticed or even inquired about dates with respect to *any* defendant's deposition. *See* Dkt. No. 76 at 2 ("In the entire course of this litigation, Plaintiffs neglected to notice a single deposition of any defendant, nor have they ever contacted counsel asking for deposition dates of their witnesses."). So counsel's request sought on the very last day of the discovery period to *start* deposition practice entirely from scratch.

4

Plaintiffs do not dispute any of the facts recounted above.[2] Instead, they contend that Defendants were really at fault, arguing that they "purposefully drew out a prolonged discovery dispute over records that Plaintiffs were clearly entitled to, as evidenced by Judge Tse's order." Dkt. No. 81 at 3. According to Plaintiffs, their actions were "not a lack of diligence" but instead "a legal strategy." *Id.* at 4. They claim that they decided to depose Defendant Avandano before anyone else, and could not do so because they did not get the documents Judge Tse eventually ordered produced until November 21 and December 10.

The problem with this argument is that it entirely ignores (1) Plaintiffs' failure to timely provide dates before the discovery cutoff for their *own* depositions, based on a single attorney being unavailable for the pivotal last two weeks of discovery; and (2) Plaintiffs' failure at any time to notice *anyone's* deposition (Avandano or otherwise).[3] While Plaintiffs' suggest some or all of this was a "legal strategy," the record makes plain that if that is true, it was not a diligent one as required by the Court's scheduling order and the federal rules. Moreover, all of Plaintiffs' particularized arguments go only to discovery specific to Defendant Avandano. Yet Plaintiffs' seek a blanket 60-day extension of discovery and other dates, presumably in part to accommodate their own depositions even though they failed for nearly a month to provide dates that complied with the scheduling order. There is no basis for that relief. Strategy or no, Plaintiffs' could and clearly should have at a minimum appropriately noticed depositions and provided dates for their own witnesses in a timely manner. Their failure to do so was the opposite of diligence. If they needed to seek targeted leave, for example, to move only Avandano's deposition once noticed based on the arguments made to and the productions ordered by Judge Tse in November and December, they could have done so. But the record plainly supports a different conclusion:

---

[2] The Court notes that in light of this indisputable email record, which Defendants had to proffer for the first time with their oppositions, it finds Mr. Buelna's declaration submitted with the motion to be materially incomplete in its omission of obviously important details. *See, e.g.,* Dkt. No. 71-5 at ¶ 3 ("On October 24, 2024, Plaintiffs' Counsel notified Defendants' Counsel that Plaintiffs' Counsel was not available on those dates and that, in light of the pending motion to dismiss, that it was Plaintiffs' position that extending the case schedule would be beneficial. Defendants never held the depositions and did not depose Plaintiffs.").

[3] The Court notes that no contemporaneous documents, whether email strings or otherwise, have been proffered to show that Plaintiffs' ever raised the "Avandano first" strategy as the basis for not providing their own deposition dates, or for not noticing depositions of any of the defendants.

5

Plaintiffs' counsel simply failed to diligently cooperate in and pursue discovery consistent with the Court's scheduling order, so the blanket request to "extend the current case schedule by 60 days," Dkt. No. 71 at 9, now modified to keep the pretrial conference and trial dates in place, Dkt. No. 81 at 2, must be denied.[4]

### III.   CONCLUSION

Plaintiffs' motion to amend the scheduling order, Dkt. No. 71, is **DENIED** under Fed. R. Civ. P. 16 for lack of diligence. *See Johnson*, 975 F.2d at 609 (confirming that "[i]f [the] party was not diligent, the inquiry should end"). In light of this Order, the Court **TERMINATES AS MOOT** Dkt. No. 83, Plaintiffs' motion to shorten time.

**IT IS SO ORDERED.**

Dated:  January 9, 2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] Plaintiffs also reference the pending motion to dismiss in passing, suggesting that the Court's ruling on the motion "will affect Plaintiff's litigation strategy as well as inform all parties on the scope of the case and relevant legal issues." Dkt. No. 71 at 6. As all counsel no doubt know, the existence of a motion to dismiss does not automatically stay any aspect of a case. And to the extent this argument is meant to justify Plaintiffs' lack of diligence as described above, the Court rejects it. The Court never issued any stay (or was even asked to do so) based on the pendency of the motion to dismiss. The parties proceeded with substantial written discovery and evidence productions, and it appears that Plaintiffs' counsel raised this issue for the first time in late October, in the context of seeking an agreement to a continuance. Dkt. No. 75-4 at 14. If counsel thought that the pendency of the motion was a basis for not meeting the requirements of the scheduling order, that was a serious miscalculation that lacked any basis in the order or the rules.