UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RITA GLOVER, et al.,

Plaintiffs,

v.

COUNTY OF SAN MATEO, et al.,

Defendants.

Case No. 24-cv-08793-HSG

**ORDER GRANTING MOTIONS TO SEAL**

Re: Dkt. Nos. 82, 91

Pending before the Court are the parties' administrative motions to seal. Dkt. Nos. 82, 91. The Court **GRANTS** the motions.

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). A "strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citations, internal quotation marks, and alterations omitted).

Records attached to motions that are only "tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *see also Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized

United States District Court
Northern District of California

showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. Proc. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

Because the parties seek to seal documents related to Defendants' motion for summary judgment that are more than "tangentially related to the merits of [the] case," the court applies the "compelling reasons" standard. *Kamakana*, 447 F.3d at 1177. However, on February 18, 2026, before the Court had issued an order on Defendants' motion for summary judgment, the parties entered into a stipulation to dismiss the entire action with prejudice. Dkt. No. 94. The Court granted the stipulation and dismissed the case. Dkt. No. 95. The Court therefore did not consider Defendants' motion for summary judgment and did not rely on any of the information that the parties seek to seal. Thus, "the public interest in access to this information is minimal." *Lesnik v. Eisenmann SE*, No. 16-CV-01120-LHK, 2021 WL 2093062, at *2 (N.D. Cal. Feb. 12, 2021). Accordingly, the Court **GRANTS** the motions to seal. *See, e.g.*, *X One, Inc. v. Uber Techs. Inc.*, No. 16-CV-06050-LHK, 2020 WL 718310, at *1 (N.D. Cal. Feb. 12, 2020) (granting motions to seal documents filed in support of motions that the Court denied as moot).

**IT IS SO ORDERED.**

Dated: 8/13/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge